BROWN, Appellant, vs. ERB and another, Respondents.

*January 11—February 6, 1951.*

446

For the appellant there was a brief by *Peterson & Kittelsen* of Monroe, and oral argument by *Marshall L. Peterson.*

For the respondents there was a brief by *S. W. Franken* of New Glarus, and *Bull & Biart* of Madison, and oral argument by *Mr. Franken.*

Fritz, C. J.   As stated in the court's recital in the judgment entered on September 13, 1950, the jury's answers to the court's "Special Interrogatories" were rendered and filed on July 8, 1950. Thereupon each of the parties duly filed

their motions to have the court change, as stated above, certain answers of the jury and for judgment on the verdict as changed; and, in the alternative, plaintiff also moved for a new trial. The court heard the arguments of the attorneys for the respective parties and their final briefs were filed on August 4, 1950. On August 7, 1950, Judge LAMBOLEY left for his vacation and did not return until August 29, 1950. During that period and likewise,—after his return on August 29th,—during the period of the eight following days, ending on September 6th, on which there expired the sixty-day period after the rendition of the special verdict on July 8, 1950, the court failed to file a decision on the motions argued July 17, 1950. Instead the court entered an order with a recital that,—

"Sixty days from the rendition of the said special verdict of the jury having expired on September 6, 1950, and the court not having ruled on any of the above motions within said sixty days, pursuant to sec. 270.49, Stats.;

"Now, therefore, pursuant to said special verdict of the jury, and on motion of Stephen W. Franken, one of the attorneys for the defendants;

"It is hereby adjudged and decreed, that the complaint of the plaintiff be dismissed on the merits of the action and that the defendants recover against the plaintiff the taxable costs and disbursements herein. Dated this 13th day of September, A. D. 1950."

As there are some inconsistencies and conflicts in material respects in the jury's answers to the court's "Special Interrogatories," there was occasion for due consideration and an appropriate and timely judicial determination by the trial court of the issues raised by plaintiff's motion for changes in some of the jury's answers, and likewise his motion for a new trial. As without any delay or default on the part of the parties to the action or their respective attorneys, the sixty-day period (prescribed by sec. 270.49 (1), Stats.) after the verdict was rendered was permitted to expire without

the court deciding the pending motions, which had been duly argued and submitted for its decision, and as the court failed, before the expiration of said initial sixty-day period, to make an order to extend such time for cause as permitted by said statute, there are applicable in this case the provisions in sec. 251.09, Stats., that,—

"In any action or proceeding brought to the supreme court by appeal or writ of error, if it shall appear to that court from the record, that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, *the supreme court may in its discretion reverse the judgment or order appealed from,* regardless of the question whether proper motions, objections, or exceptions appear in the record or not, and may also, in case of reversal, direct the entry of the proper judgment or remit the case to the trial court for a new trial, . . ."

Consequently, under these provisions the judgment is reversed and the case remanded to the trial court for a new trial.

*By the Court.*—Judgment reversed with costs to be paid by defendants; and cause remanded for a new trial.